IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C & K TRUCKING, LLC et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1104-K |
| | § | |
| ARDENT MILLS LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Ardent Mills LLC's Motion to Dismiss Promissory Estoppel Claim in Plaintiff's First Amended Complaint (Doc. No. 32) and Memorandum of Law in Support of the Motion to Dismiss Promissory Estoppel Claim in Plaintiff's First Amended Complaint (Doc. No. 33) (collectively, the "Motion"). After careful consideration of the Motion, response, reply, relevant portions of the record, and applicable law, the Court **GRANTS** the Motion and **DISMISSES** the promissory estoppel claim.

### I. Factual and Procedural Background

Plaintiff C & K Trucking, LLC ("Plaintiff" or "C & K Trucking") is a trucking company that was hired to transport goods for Defendant Ardent Mills ("Defendant"). Defendant and Plaintiff entered into a Motor Transportation Agreement (the "Agreement") that retained Plaintiff for trucking services on an indefinite basis until the Agreement was terminated by either party with a 60-day notice. Defendant

1

allegedly promised a long-term placement with increased routes to C & K Trucking at Defendant's Sherman facility. Plaintiff contends Defendant represented that Plaintiff would have almost all the trucking business out of Defendant's Sherman facility. Plaintiff argues that it relied on Defendant's representations and purchased four trailers and one truck, hired additional employees and contractors, and bought commercial property adjacent to the Sherman facility to store its trucking fleet. Just nine months after these alleged promises, Defendant terminated the Agreement and seized doing business with Plaintiff.

The Original Complaint was filed on May 1, 2020, by plaintiffs C & K Trucking and Kenyon Collins ("Collins"), the owner of C & K Trucking. Plaintiffs allege Defendant breached the Agreement, breached alleged promises made to C & K Trucking, racially discriminated against, defamed, and interfered with existing and prospective business relations of C & K Trucking, and defamed Collins. Defendant filed its Motion to Dismiss and Memorandum of Law in Support (the "First Motion to Dismiss") (Doc. Nos. 10 & 11) on June 17, 2020, asking the Court to dismiss all claims in the Original Complaint under Federal Rule of Civil Procedure 12(b)(6). On January 20, 2021, this Court entered its Memorandum Opinion and Order (Doc. No. 30), granting in part and denying in part Defendant's First Motion to Dismiss. The Court granted the First Motion to Dismiss the promissory estoppel claim and tortious interference with existing and prospective business relations claims, but also granted

Plaintiffs leave to file an amended complaint. The parties filed a Stipulated Dismissal of Defamation Claims, leaving C & K Trucking as the only remaining plaintiff.

Plaintiff C & K Trucking filed the First Amended Complaint (Doc. No. 31), on February 1, 2021, realleging the promissory estoppel and tortious interference with existing business relations claims. With respect to the promissory estoppel claim, Plaintiff amended its allegations to assert that Defendant's alleged promises regarding the Sherman facility business were independent and outside of the Agreement between the parties.

Defendant filed the present Motion, seeking dismissal of the promissory estoppel claim under Federal Rule of Civil Procedure 12(b)(6). The responsive briefing is complete, and the Motion is ripe for review. Because the present Motion only concerns the promissory estoppel claim, the Court will not address the facts surrounding the other claims in this order.

## II. Applicable Law

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff pleads a claim with facial plausibility when

the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* This pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned [] accusation . . . that is devoid of 'further factual'" support. *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Id.* at 570.

The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

The Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit also allows the district court to consider documents attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the

plaintiff's] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**III. Analysis**

In the Motion, Defendant seeks to dismiss the promissory estoppel claim. Taking the allegations in the First Amended Complaint as true, the Court finds that Plaintiff fails to state a claim for promissory estoppel as a matter of law because the alleged promises made by Defendant to Plaintiff fall squarely within the parties' Agreement and when alleged promises fall under an existing agreement, promissory estoppel claims fail as a matter of law. Because Plaintiff cannot, as a matter of law, state a claim for promissory estoppel given that the alleged promises fall under the parties' existing Agreement, the Court **GRANTS** the Motion and **DISMISSES** the promissory estoppel claim.

To establish promissory estoppel under Texas law, a plaintiff must establish: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *See Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). While promissory estoppel and breach of contract are mutually exclusive causes of action, a plaintiff can allege inconsistent theories so long as each claim is individually sufficient. *See* FED. R. CIV. P. 8(a)(3), (d)(2). Promissory estoppel is not available where there is a legally valid contract between the parties. *Jhaver v. Zapata OffShore Co.*, 903 F.2d 381, 385 n.11 (5th Cir. 1990).

"[P]romissory estoppel becomes available to a claimant only in the *absence* of a valid and enforceable contract." *Williams v. Colonial Bank, N.A.*, 199 F. App'x 399, 403 (5th Cir. 2006) (per curiam) (citing *Doctors Hosp.1997, L.P. v. Sambuca Houston, L.P.,* 154 S.W.3d 634, 636 (Tex. App.—Houston [14th Dist.] 2004, pet. abated)). When an agreement between the parties exists, the plaintiff must allege the promissory estoppel claim rests on promises independent of the parties' agreement. *Id.*

Defendant contends that Plaintiff has no separate cause of action for promissory estoppel because the alleged promises fall under the parties' Agreement and are not independent of the Agreement. In addition, Defendant asserts that Plaintiff's allegations about the supposed promises are threadbare recitals of the elements of promissory estoppel and noting more than conclusory statements that cannot survive a motion to dismiss. Defendant also argues that the facts demonstrate there is not and cannot be reasonable and substantial reliance upon the alleged promises because the Agreement does not guarantee routes or compensation, so any reliance on promises or alleged guarantees of routes in the future is unreasonable. Defendant points out that Section 20 of the Agreement prohibits subsequent modifications "except by a writing executed by both parties" and the alleged promises were not executed in a writing. Doc. No. 34, Ex. A § 20. Defendant also asserts that the promissory estoppel claim should be dismissed because the alleged promises are unenforceable under the statutes of frauds because agreements must be in writing and signed if the terms cannot be completed within one year.

Plaintiff contends that Defendant made promises to Plaintiff about long-term business at the Sherman facility after the execution of the Agreement that were outside of and not incorporated in the Agreement. According to the First Amended Complaint, Defendant allegedly promised to engage Plaintiff to run virtually all the delivery routes from Defendant's Sherman facility. First Am. Compl. ¶ 23. Plaintiff allegedly asked Defendant if this would be a long-term placement because Plaintiff would need to invest resources to accommodate the increase in routes. *Id.* Defendant supposedly promised that Plaintiff "could plan on doing 90% of the loads, if not more, every week" out of Defendant's Sherman facility. *Id.* ¶ 24. Plaintiff previously ran only 20% of the routes at that facility. *Id.* Plaintiff alleges Defendant represented it was not looking for or planning to retain any other truckers for the Sherman facility. *Id.* Plaintiff argues that in reliance and "[b]ased on these promises by [Defendant], C & K Trucking purchased four additional trailers, one additional truck, and hired additional employees and contractors to run these increased loads . . . [and also] purchased commercial property directly adjacent to [Defendant's] Sherman facility . . . for its trucking fleet." *Id.* Defendant terminated the contract nine months later. *Id.* ¶ 25. Plaintiff contends that Defendant made Plaintiff believe it would be a long-term partner but quickly found a replacement and phased Plaintiff out. *Id.* ¶ 24.

In response to Defendant's Motion, Plaintiff unconvincingly argues that these alleged promises are independent of the Agreement. The Court finds that Plaintiff's pleadings that the alleged promises are independent of the Agreement are conclusory

at best because does nothing more than state in a cursory fashion that "Ardent Mills made promises to C & K Trucking that came after the parties' execution of the Agreement and were outside of and not incorporated or merged into the parties' Agreement". First Am. Compl. ¶ 44. This barebone assertion that the alleged promises are independent of the Agreement, even with the factual allegations surrounding the alleged promises, fails to meet the federal pleading standard. *Iqbal*, 556 U.S. at 678-79 (explaining that the court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss).

As Defendant explains and in light of the Court's review of the Agreement and the First Amended Complaint, the Court finds that the alleged promises are not independent, but instead fall under the Agreement. The Agreement clearly retained Plaintiff's trucking services on an indefinite basis until either party terminates the Agreement. A long-term placement to handle the trucking loads at Defendant's Sherman facility certainly falls under this Agreement and is not an independent promise. Plaintiff does not plead that the Agreement is invalid, and the alleged promises concern the exact services contemplated and controlled by the Agreement. Given that the alleged promises of longevity and exclusivity of business at the Sherman facility concern the services performed under the Agreement, it cannot be said that Plaintiff reasonably and substantially relied on promises independent from the Agreement when it made the above-mentioned investments to accommodate the Sherman facility business. The Agreement even sets out that it can only be modified or amended in a

writing executed by the parties. There being no written modification to the Agreement with respect to the alleged promises, it is not reasonable to rely on representations of alleged guarantees of future routes when the Agreement is express as to valid modification procedures. Plaintiff asserts that oral modifications of an agreement are permitted when the agreement itself is not required to be in writing. However, even if there was a valid modification to the Agreement based on the alleged promises, it does not change the fact that there is a valid Agreement between the parties and therefore the promissory estoppel claim must fail because such claim only "becomes available in the *absence* of a valid and enforceable contract." *Williams*, 199 F. App'x at 403 (citing *Doctors Hosp.1997,* 154 S.W.3d at 636).

Defendant also argues, in the alternative, that even if the alleged promises are independent of the Agreement, the Texas statute of frauds bars the promissory estoppel claim. *See* Doc. No. 33 at 12-15; *See* TEX. BUS. & COMM. CODE § 26.01 (Under Texas's statute of frauds, when an agreement cannot by its terms be completed in one year, it must be written and signed to be enforceable.) Because the Court finds that the alleged promises fall within the scope of the Agreement and therefore the promissory estoppel claim fails as a matter of law, the Court need not address Defendant's arguments that the Texas statute of frauds bars enforcement of the alleged promises to justify its reason for dismissing the promissory estoppel claim.

Because the alleged promises fall under the Agreement, Plaintiff's promissory estoppel claim fails as a matter of law in accordance with binding precedent. *Id.*

9

Therefore, the Court finds that Plaintiff fails to state a claim for promissory estoppel under the given facts, **grants** the Motion, and **dismisses** the promissory estoppel claim.

**V. Conclusion**

Because the alleged promises fall within the scope of the parties' valid Agreement making the promissory estoppel claim fail as a matter of law, the Court **GRANTS** Defendant's Motion to Dismiss Promissory Estoppel Claim in Plaintiff's First Amended Complaint and **DISMISSES** the promissory estoppel claim for failure to state a claim upon which relief can be granted. *See* FED. R. OF CIV. P. 12(b)(6).

**SO ORDERED.**

Signed on July 9th, 2021.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE